DAVID RUDOLF *v.* EDWARD L. AMSEL

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued May 3—decided May 29, 1962

*Robert B. Seidman,* with whom was *Sidney Vogel,* for the appellant (defendant).

*William R. Curtis,* for the appellee (plaintiff).

PER CURIAM. On April 19, 1957, the plaintiff and the defendant entered into a contract under which

the plaintiff agreed to sell and the defendant agreed to buy the capital stock, equipment, leasehold interests and franchise of Rudolf Motor Lines, Inc., for $30,000, payable $10,000 on delivery of the stock and $5000 per annum thereafter. The plaintiff delivered the stock in accordance with the contract, but the defendant paid only $1000 on the purchase price. On August 2, 1957, the parties made a new contract which modified and superseded the payment schedules "of all prior agreements." According to the new contract, the purchase price was $20,000, of which $1000 was already paid, $4000 was to be paid on execution, and the balance of $15,000, on or before October 1, 1957. The $4000 payment was made, but no other. On January 2, 1958, the plaintiff brought this action to recover the $15,000 balance. From a judgment for the plaintiff, the defendant has appealed.

The defendant's principal claim is that the plaintiff is restricted to the recovery of liquidated damages by reason of a provision in the contract of April 19. This claim disregards entirely the following clause in the August contract: "[I]f the terms of payment as set forth in this Agreement are not carried out, the Seller shall have the option of enforcing the payment schedule in this Agreement or of enforcing the payment schedule in prior agreements." Since the plaintiff elected to sue under the August contract, the provision for liquidated damages in the April contract was not applicable. See 5 Williston, Contracts (3d Ed.) § 683.

There is no error.